# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANNAM CHAIN USA, INC., <br> 2835 West Olympic Boulevard, 2nd Floor <br> Los Angeles, CA 90006 <br><br>       Plaintiff, <br><br>   vs. <br><br> THE NATIONAL LABOR RELATIONS BOARD, a federal administrative agency <br> 1015 Half Street, SE <br> Washington, DC 20570-0001 <br><br>     Defendant, <br><br> WILLIAM COWEN, in his official capacity as the General Counsel of the National Labor Relations Board, <br> 1015 Half Street, SE <br> Washington, DC 20570-0001 <br><br>     Defendant, <br><br> MARVIN E. KAPLAN, in his official capacity as Chairman of the National Labor Relations Board, <br> 1015 Half Street, SE <br> Washington, DC 20570-0001 <br><br>     Defendant, <br><br> DAVID M. PROUTY, in his official capacity as Board Member of the National Labor Relations Board <br> 1015 Half Street, SE <br> Washington, DC 20570-0001 <br><br>     Defendant, <br>     and <br><br> JOHN DOE, in their official capacity as an Administrative Law Judge of the National Labor Relations Board <br> 1015 Half Street, SE <br> Washington, DC 20570-0001 <br><br>     Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Civil Action No. 25-2896 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Hannam Chain USA, Inc. ("Hannam Chain") brings this action against Defendants National Labor Relations Board ("NLRB"), NLRB General Counsel William Cowen ("Cowen"), NLRB Chairman Marvin Kaplan ("Kaplan"), NLRB Member David Prouty ("Prouty"), and unassigned Administrative Law Judge John Doe ("Doe") (collectively "Defendants") for declaratory and injunctive relief and states as follows:

## INTRODUCTION

1. Hannah Chain brings this suit for declaratory and injunctive relief against Defendants because Defendants are pursuing an unconstitutional administrative proceeding against it with the NLRB. *See* NLRB Case Nos. 31-CA-297849, 31-CA-312751, 31-CA-323026, 31-CA-325584, and 31-RC-312241.[1] Hannam Chain will be able to demonstrate it is entitled to injunctive and declaratory relief because of these unconstitutional proceedings lacking due process.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Hannam Chain's claims arise under the Constitution of the United States. It alleges that certain aspects of the NLRB's structure violate the Constitution. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 185 (2023) (holding statutory review schemes do not displace district court's federal question jurisdiction to adjudicate corporation's constitutional challenge to administrative agency).

---

[1] The Regional Director of Region 31 consolidated these cases.

1

3. This Court has authority to grant declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Court's inherent equitable powers.

4. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of an agency of the United States.

## PARTIES

5. Hannam Chain is a Korean food and grocery store chain located in Los Angeles, California.

6. The Charging Parties in the underlying and ongoing administrative proceeding are the California Restaurant and Retail Workers Union ("CRRWU"), a labor organization that does not represent any employees working for Hannam Chain, and David Ricardo Abud-Sturbaum ("Abud-Sturbaum"), an individual who resides in California.

7. Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C. The NLRB enforces the National Labor Relations Act ("NLRA"). Under the NLRA, the NLRB is "empowered…to prevent any person from engaging in any unfair labor practice." *See* 29 U.S.C. § 160.

8. Defendant Cowen is the putative Acting General Counsel of the NLRB. He is sued in his official capacity. President Trump appointed Cowen Acting General Counsel on February 1, 2025.

9. Defendant Kaplan is the Chairman of the NLRB. He is sued in his official capacity.

10. Defendant Prouty is a Member of the NLRB. He is sued in his official capacity.

11. Defendant Doe is an Administrative Law Judge ("ALJ") of the NLRB assigned to preside over the NLRB proceeding against Hannam Chain. An ALJ has not yet been assigned to Hannam Chain's NLRB proceeding and the ALJ's identity is unknown. Doe is sued in their official capacity.

## FACTS

12. On June 16, 2022, Abud-Sturbaum filed his initial unfair labor practice charge with the NLRB.

13. On February 14, 2023, the CRRWU filed a petition to represent all full-time and regular part-time employees employed by Hannam Chain at its Olympic Boulevard location in Los Angeles, California.

14. On February 22, 2023, the CRRWU filed its initial unfair labor practice charge with the NLRB.

15. On August 1, 2023 and September 11, 2023, the CRRWU filed two additional unfair labor practice charges against Hannam Chain.

16. On August 3, 2023, the NLRB held an election at Hannam Chain, but the NLRB impounded the ballots due to underlying unfair labor practice pending against the Union.

17. The Union prematurely filed objections to the election despite the ballots having been impounded and no ballot count taking place.

18. On October 13, 2023, after resolution of an underlying unfair labor practice charge against the Union, the NLRB conducted a ballot count which resulted in determinative challenges.

19. On December 15, 2023, the NLRB counted the ballots. The CRRWU lost the election.

20. On August 16, 2024, the Regional Director of NLRB Region 31 ("Region 31") informed Hannam Chain and the Union that Region 31 was not holding the objections in abeyance, but that if a hearing was found to be necessary, scheduling of the hearing would be postponed until a determination was made on the merits of the related unfair labor practice charges, and as to whether the objections and the unfair labor practice charges should be consolidated before an ALJ.

21. On April 10, 2025, Region 31 amended the charges.

22. On May 27, 2025, Region 31 issued an administrative complaint ("Complaint") against Hannam Chain alleging it violated Section 8(a)(1) and (3) of the NLRA by retaliating against employees for engaging in protected concerted activities; interfering, restraining, and coercing employees in the exercise of their Section 7 rights; and discriminating against employees in regard to the hire or tenure or terms and conditions of employment thereby discouraging membership in the Union. *See* Complaint, pp. 15-17.

23. The Complaint seeks "payment for lost hours and/or restoration of leave/vacation taken as a result of the Respondent's unlawful conduct," and "all other relief as may be just and proper to remedy the unfair labor practices alleged." Complaint, p. 18 (iii) and (iv).

24. The National Labor Relations Board has through its precedential decisions arrogated to itself the authority to award legal remedies for "any direct or foreseeable pecuniary harm," including among other things certain consequential damages including "such as out-of-pocket medical expenses, credit card debt, or other costs that are a direct or foreseeable result of the unfair labor practices." *See, Thryv, Inc.,* 372 NLRB No. 22

(2022); *Board Rules Remedies Must Compensate Employees for All Direct or Foreseeable Financial Harms,* December 13, 2022 (https://www.nlrb.gov/cnews-outreach/news-story/board-rules-remedies-must-compensate-employees-for-all-direct-or (accessed June 25, 2025)).

25. On June 17, 2025, Hannam Chain answered the Complaint.

26. Region 31 set a Hearing to take place "on October 28, 2025 at 9 a.m., and on consecutive days thereafter until concluded, a hearing a will be conducted by Zoom videoconference before an administrative law judge of the National Labor Relations Board." Complaint, page 8, "Notice of Hearing."

27. On June 18, 2025, the Regional Director for Region 31 issued an Order Overruling Certain Objections, Directing Hearing, and Consolidating Cases for Hearing, and Notice of Hearing. The Regional Director consolidated the representation case (Case No. 31-RC-312241) with the unfair labor practice charges (Case Nos. 31-CA-297849, 31-CA-312751, 31-CA-323026, 31-CA-325584).

## COUNT I – THE ACTING GENERAL COUNSEL'S ACTIONS VIOLATE THE FEDERAL VACANCIES REFORM ACT AND ARE VOID

28. Hannam Chain restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

29. Section 3(d) of the NLRA provides that "[t]here shall be a General Counsel of the Board who shall be appointed by the President…for a term of four years." 29 U.S.C. § 153(d). In the event of a vacancy in the General Counsel's office, "the President is authorized to designate the officer or employee who shall act as General Counsel during such vacancy." *Id.* However, "no such person…so designated shall so act [] for more than forty days when the Congress is in session unless a nomination to fill

5

such vacancy shall have been submitted to the Senate," or after the adjournment of the Senate *sine die*. *Id.*

30.  President Trump appointed Cowen Acting General Counsel on February 3, 2025. (https://www.nlrb.gov/about-nlrb/who-we-are/general-counsel/general-counsels-since-1935). Cowen's 40 days as Acting General Counsel expired on or about March 14, 2025. No nomination to fill the vacancy in the General Counsel position was submitted to the Senate until on or about March 25, 2025 when President Trump nominated Crystal Carey.

31.  The General Counsel of the NLRB has discretion to issue complaints, withdraw complaints, and/or prosecute violations of the NLRA as he so chooses.

32.  Where a different NLRB General Counsel may have determined a different outcome, i.e. not issuing a complaint whatsoever, the Acting NLRB General Counsel's actions in issuing the complaint are "non-harmless," and the underlying administrative complaint must be dismissed. *NLRB v. SW General, Inc.*, 796 F.3d 67, 80 (D.D.C. 2015), *aff'd* 580 U.S. 288 (2017).

33.  On May 27, 2025, the NLRB's Region 31 issued the underlying administrative complaint against Hannam Chain.

34.  It is not certain whether a legitimately serving Acting General Counsel, or General Counsel, would have issued the underlying administrative complaint.

35.  This "uncertainty is sufficient to conclude" that Acting NLRB General Counsel Cowen's temporary appointment is a "non-harmless" violation of law. *SW General*, 796 F.3d at 80-81.

36. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.* 598 U.S. at 191 (quoting *Seila Law LLC v. Consumer Fin. Protection Bureau*, 591 U.S. 197, 212 (2020)).

37. Without interim injunctive relief, Hannam Chain will be required to undergo an illegitimate proceeding in violation of its due process rights.

38. Hannam Chain bears a strong likelihood of success on the merits for the reasons articulated above.

39. If the NLRB is not enjoined from proceeding against Hannam Chain in the related administrative hearing, Hannam Chain will be irreparably harmed because it will have endured a proceeding authorized by an individual who enjoys no such authorization.

40. The balance of equities tips in Hannam Chain's favor because, should the NLRB proceeding go forward, Hannam Chain will lose its right to undergo a legitimate proceeding as it will have endured a proceeding authorized by an illegitimate decisionmaker.

41. It is in the public interest to remedy the violation here in order to protect Americans' rights under the NLRA.

42. Due to the ongoing FVRA violation, Hannam Chain continues to be harmed by the NLRB and the underlying administrative complaint must be dismissed.

### COUNT II – THE NLRB'S ADMINISTRATIVE LAW JUDGES ARE NOT LAWFULLY APPOINTED

43. Hannam Chain restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

44. Article II of the Constitution gives the President the authority to appoint officers and inferior officers of the United States. *See* U.S. Const. Art. II, § 2.

45. ALJs function as inferior officers of an executive agency. *See* U.S. Const. Art. II, § 2; *see also Lucia v. SEC*, 585 U.S. 237, 251 (2018); *Fleming v. United States Dep't of Agriculture,* 987 F.3d 1093, 1103 (D.C. Cir 2021); *Westrock Servs., Inc.*, 366 NLRB No. 157, slip op. at 1 (Aug. 6, 2018) ("Board judges, like SEC judges, are inferior officers[.]"); *VHS Acquisition Subsidiary No. 7 v. NLRB*, 759 F. Supp. 3d 88, 99 (D.D.C. 2024) ("Because the ALJs are inferior officers, *Free Enterprise Fund* instructs that they cannot be insulated by more than one level of job protection, full stop.").

46. In *VHS Acquisition Subsidiary No. 7 v. NLRB*, 759 F. Supp. at 92, this Court held "the NLRB's ALJs are unconstitutionally insulated from removal." This Court also held, "the NLRB ALJs' removal protections offend the Constitution." *Id.* at 101.

47. This Court also held that the subsection "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board" shall be severed from the 5 U.S.C. 7521(a) in order to effectively remove one layer of removal protections. *Id.* at 100-101.

48. This Court determined that severing this provision "'leaves the [ALJs] removable by the [NLRB] at will, and leaves the President separated from [ALJs] by only a single level' of tenure." *Id.* at 101.

49. On August 19, 2025, the Fifth Circuit found that three employers made the necessary showing of irreparable harm if forced to continue with administrative proceedings under the NLRB's unconstitutional structure, "specifically, the dual for-cause removal protections shielding both Board Member and ALJs." *Space Exploration Tech. Corp. v. NLRB*, Case No. 24-50627, Docket No. 269-1 at *5 (5th Cir. Aug. 19, 2025).

50. However, these decisions do not address the ALJs' *appointment*.

51. Because the ALJ set to be assigned to the underlying administrative hearing was assigned under an unconstitutional provision, the ALJ's appointments were unlawful. The ALJ cannot properly oversee the underlying administrative case.

52. The NLRB's ALJs are not lawfully appointed because Congress improperly restricted the power of the President to remove subordinate officers of the Executive Branch.

53. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.*, 598 U.S. at 191 (quoting *Seila Law LLC*, 591 U.S. at 212).

54. Hannam Chain is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Hannam Chain is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 492 561 U.S. at 513.

55. Without interim relief, Hannam Chain will be required to undergo an unconstitutional proceeding before an illegitimate decisionmaker.

56. Hannam Chain bears a strong likelihood of success on the merits for the reasons articulated above. *Space Exploration Tech. Corp.*, Case No. 24-50627 at *5.

57. If the NLRB is not enjoined from proceeding against Hannam Chain in the underlying administrative proceeding, Hannam Chain will be irreparably harmed because it will have endured a proceeding led by an inferior officer who is not lawfully appointed.

58. The balance of equities tip in Hannam Chain's favor because should the NLRB proceeding go forward, Hannam Chain will lose its right not to undergo an unconstitutional proceeding, an "injury…impossible to remedy once the proceeding is over," and "judicial review

of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enter.*, 598 U.S. at 191.

59. It is in the public interest to remedy the unconstitutional appointment here in order to protect Americans' constitutional rights.

### COUNT III – THE NLRB'S ENFORCEMENT SCHEME LACKS DUE PROCESS BECAUSE THE PROSECUTOR AND ADJUDICATORS ARE EACH FREELY REMOVABLE BY THE PRESIDENT

60. Hannam Chain restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

61. The Fifth Amendment of the Constitution provides that "no person" shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V.

62. In *VHS Acquisition Subsidiary No. 7*, 759 F. Supp. at 92, this Court held "the NLRB's ALJs are unconstitutionally insulated from removal." This Court also held, "the NLRB ALJs' removal protections offend the Constitution." *Id.* at 101.

63. This Court also held that the subsection "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board" shall be severed from the 5 U.S.C. 7521(a) in order to effectively remove one layer of removal protections. *Id.* at 100-101.

64. This Court determined that severing this provision "'leaves the [ALJs] removable by the [NLRB] at will, and leaves the President separated from [ALJs] by only a single level' of tenure." *Id.* at 101.

65. The NLRB General Counsel is also freely removable at the will of the President. *See Reith-Riley Construction Co., Inc. v. NLRB*, 114 F.4th 519, 531 (6th Cir. 2024); *NLRB v. Aakash, Inc.*, 58 F.4th 1099, 1107 (9th Cir. 2023); *Exela Enterprise Solutions, Inc., v. NLRB*, 32 F.4th 436, 445 (5th Cir. 2022).

66. The NLRB General Counsel has broad prosecutorial discretion enjoying the ability to, for example, withdraw a complaint at any time or decide not to prosecute certain allegations. *See Reith-Riley Construction Co., Inc.*, 114 F.4th at 535-36.

67. The NLRB General Counsel argues their case in front of an ALJ.

68. The ALJ serves at the pleasure of the President and the General Counsel serves at the pleasure of the President. *VHS Acquisition Subsidiary No. 7*, 759 F. Supp. at 92; *Reith-Riley Construction Co., Inc.*, 114 F.4th at 535-36.

69. Similarly, Board Members are subject to removal by the President other than for cause and, thus, the ultimate deciders of law and fact also serve at the pleasure of the President. *See, Trump v. Wilcox,* 145 S. Ct. 1415 (2025) ("Because the Constitution vests the executive power in the President, see Art. II, §1, cl. 1, he may remove without cause executive officers who exercise that power on his behalf, subject to narrow exceptions recognized by our precedents, see *Seila Law LLC* v. *Consumer Financial Protection Bureau*, 591 U. S. 197, 215−218 (2020). The stay reflects our judgment that the Government is likely to show that both the NLRB and MSPB exercise considerable executive power.").

70. As a result of the fact that both the prosecutor in this case, an Acting General Counsel (and/or a Senate-confirmed General Counsel), and the decider(s) of fact and law, the ALJ and/or Members of the NLRB, both serve at the pleasure of the President, both are incentivized to do the President's bidding and it follows that all serve the same interests.

71. This scheme leaves the only party who does not answer to the President to be the General Counsel's opponent—in this case: Hannam Chain.

72. Hannah Chain will not receive a fair trial if both the prosecutor and the deciders of law and fact answer to the same entity.

73. Because both the ALJ who oversees the case and the General Counsel who prosecutes the case are removable at-will by the President, the Region's enforcement scheme gives rise to a clear appearance of bias and lacks due process for Hannam Chain.

74. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.*, 598 U.S. at 191 (quoting *Seila Law LLC*, 591 U.S. at 212).

75. "Submission to a fatally biased decisionmaking process is in itself a constitutional injury sufficient to warrant injunctive relief, where irreparable injury will follow in the due course of events, even though the party charged is to be deprived of nothing until the completion of the proceedings." *United Church of the Medical Center v. Medical Center Commission*, 689 F.2d 693, 701 (7th Cir. 1982).

76. Hannam Chain awaits an illegitimate proceeding and, if it loses, will be forced to compensate the Charging Parties for an unknown amount.

77. Hannam Chain is entitled to declaratory relief to ensure that it has the opportunity to present its case to an ALJ and defend itself in a case brought by a prosecutor who do not answer to the same entity.

78. Without interim relief, Hannam Chain will be required to undergo an unconstitutional proceeding lacking due process.

79. Hannam Chain bears a strong likelihood of success on the merits for the reasons articulated above.

80. If the NLRB is not enjoined from proceeding against Hannam Chain in the underlying administrative proceeding, Hannam Chain will be irreparably harmed because it will have endured a proceeding lacking due process.

81. The balance of equities tip in Hannam Chain's favor because should the NLRB proceeding go forward, Hannam Chain will lose its right not to undergo an unconstitutional proceeding, an "injury…impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enter.*, 598 U.S. at 191.

82. It is in the public interest to remedy the lack of due process here in order to protect Americans' constitutional rights.

### COUNT IV – ALJ'S ADJUDICATE PRIVATE RIGHTS WITHOUT A JURY TRIAL IN VIOLATION OF SEVENTH AMENDMENT TO THE CONSTITUTION

83. Hannam Chain restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

84. The Seventh Amendment protects the right to trial by jury. It provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII.

85. The Supreme Court interprets "'Suits at common law' to include all actions akin to those brought at common law as those actions were understood at the time of the Seventh Amendment's adoption." *Jarkesy v. SEC*, 34 F.4th 446, 464 (5th Cir. 2022), *aff'd SEC v. Jarkesy*, 603 U.S. 109 (2024). (citing *Tull v. United States*, 481 U.S. 412, 417 (1987)). Recently, the Supreme Court noted that the Seventh Amendment "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." *Jarkesy*, 144 S. Ct. at 2128 (alteration in original) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)).

86. "The term can include suits brought under a statute as long as the suit seeks common-law-like legal remedies." *Jarkesy*, 34 F. 4th at 452.

87. In other words, Hannam Chain is entitled to a jury trial if its adversary seeks legal relief against it. As the United States Supreme Court recently held in *SEC v. Jarkesy*, "it is well established that common law claims must be heard by a jury." *Jarkesy*, 144 S. Ct. at 2127. Moreover, "[o]nce such a suit 'is brought within the bounds of federal jurisdiction,' an Article III court must decide it, with a jury if the Seventh Amendment applies." *Id.* at 2131 (quoting *Stern v. Marshall*, 564 U.S. 462, 484 (2011)).

88. "Compensatory damages," or "monetary relief for all losses…sustained as a result of the alleged breach of…duties" are "the classic form of legal relief." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993).

89. The NLRA authorized the Board to remedy unfair labor practices through an "order requiring [the] person to cease and desist from such unfair labor practice, and to take…affirmative action including reinstatement of employees with or without back pay." 29 U.S.C. § 160(c).

90. The statute authorizes equitable relief. The statute does not authorize legal relief— such as compensatory damages.

91. Despite this clear language, the Board previously authorized its Regions to seek consequential or "compensatory" damages. *See Thryv, Inc.*, 372 NLRB No. 22, slip op. at 14 (Dec. 13, 2022), *vacated in part by Thryv, Inc. v. NLRB*, 102 F.4th 727 (5th Cir. 2024).

92. In the Complaint, the Region seeks "payment for lost hours and/or restoration of leave/vacation taken as a result of the Respondent's unlawful conduct," and "all other relief as

14

may be just and proper to remedy the unfair labor practices alleged." Complaint, p. 18 (iii) and (iv).

93. Based on this language, the Region may pursue consequential damages against employers, including Hannam Chain. The Region also intends to pursue "payment for lost hours and/or restoration of leave/vacation taken as a result of the Respondent's unlawful conduct," a remedy that is also not contemplated by statute.

94. The fact that the underlying administrative complaint also seeks equitable relief does not strip Hannam Chain of its jury-trial right. *See Jarkesy*, 34 F.4th at 454 ("[T]he Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims.").

95. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.*, 598 U.S. at 191 (quoting *Seila Law LLC*, 591 U.S. at 212).

96. Hannam Chain is entitled to declaratory relief to ensure that it may have the opportunity to present its case against consequential damages to a jury of its peers.

97. Without interim injunctive relief, Hannam Chain may be ordered to pay damages to Charging Parties without the appropriate safeguards a jury provides.

98. Hannam Chain bears a strong likelihood of success on the merits for the reasons articulated above.

99. If the NLRB is not enjoined from proceeding against Hannam Chain in the related administrative hearing, Hannam Chain will be irreparably harmed because it may be forced to pay damages that are not permitted in a non-Article III court setting.

100. The balance of equities tips in Hannam Chain's favor because it stands to suffer both economic and constitutional harms while Defendants stand to lose nothing.

15

101. It is in the public interest to remedy the Board's unconstitutional method of recovering damages from employers.

## **REQUEST FOR RELIEF**

WHEREFORE, Hannam Chain respectfully requests that the Court order the following relief and enter judgement:

1. Declaring that:

    a. ALJ appointments prior to the finding of unconstitutionality of 5 U.S.C. § 7521(a) are unconstitutional;

    b. NLRB General Counsel Cowen's appointment violated and continues to violate the National Labor Relations Act, and he is without authority to issue the Complaint;

    c. The NLRB proceeding against Hannam Chain deprives it of its constitutional right to a trial by jury;

    d. Because the ALJ, NLRB Members and General Counsel are both now freely removable by the will of the same entity—the President—the NLRB's enforcement scheme deprives Hannam Chain of due process.

2. Dismissing the Complaint issued by the NLRB;

3. Enjoining Defendants from subjecting Hannam Chain to an unconstitutionally structured administrative proceeding pending the final resolution of this action;

4. Enjoining Defendants from implementing or carrying out unconstitutional appointments identified above;

5. Awarding Hannam Chain its costs and expenses incurred in bringing this action, including but not limited to, reasonable attorney's fees; and

6.     Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Date: August 27, 2025

Respectfully submitted,

Roscoe C. Howard, Jr. (D.C. Bar 246470)
Barnes & Thornburg LLP
555 12th Street, N.W., Suite 1200
Washington, D.C. 20004
Email: roscoe.howard@btlaw.com
Phone: 202.371.6378
Facsimile: 202.289.1330

/s/Scott J. Witlin
Scott J. Witlin (U.S. District Ct. for the District of Columbia *Admission Pending*)
(California Bar 137413)
Barnes & Thornburg LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Email: scott.witlin@btlaw.com
Phone: 310.284.3777
Facsimile: 310.284.3894