UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HANNAM CHAIN USA, INC.,

    *Plaintiff*,

  v.

NATIONAL LABOR RELATIONS BOARD et al.,

    *Defendants*.

Civil Action No. 25-2896 (TJK)

## MEMORANDUM ORDER

Plaintiff is a Korean food and grocery store chain seeking to enjoin an administrative proceeding before the National Labor Relations Board. The complaint against it before the NLRB stems in part from a charge of unfair labor practices filed by the California Restaurant and Retail Workers Union ("CRRWU"). That union seeks to represent Plaintiff's employees. In 2023, it lost an election to do so, and its objections to Plaintiff's conduct during the election (and request to rerun the election) have been consolidated before the NLRB with the unfair labor practices allegations. The NLRB case is set for an evidentiary hearing on October 28, 2025.

On September 19, 2025, Plaintiff moved for a preliminary injunction to stay what it says is an improper and unconstitutional proceeding. Three days later, CRRWU moved to intervene, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Plaintiff opposes the motion, although the NLRB does not. For the reasons explained below, the Court will grant CRRWU's motion and allow it to intervene permissively under Rule 24(b).

Permissive intervention, as its name suggests, is a matter of "discretion." *Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007). A proposed intervenor may seek permissive

intervention by filing a "timely motion" and showing it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In deciding whether to allow the party to intervene, the Court must also consider whether doing so "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also* Wright & Miller, *Fed. Prac. & Proc.* § 1911 ("If there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention.").  All these factors favor CRRWU.

For starters, CRRWU easily clears the timeliness bar, as it moved to intervene only three days after Plaintiff moved for a preliminary injunction (and less than a month after Plaintiff filed its complaint).  Plaintiff does not argue otherwise.  *See* ECF No. 15 at 17–18.

CRRWU also meets Rule 24(b)'s second requirement—that it "has a claim or defense" sharing a "common question of law or fact" with "the main action."  The "D.C. Circuit has" interpreted this "'claim or defense' language" "flexibl[y]." *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 312 (D.D.C. 2011) (citation omitted).  Indeed, a putative intervenor need not show a "direct pecuniary interest in the litigation" to meet that standard. *Textile Workers Union of Am., CIO v. Allendale Co.*, 226 F.2d 765, 769 (D.C. Cir. 1955) (internal quotation marks and citation omitted).  Instead, a would-be intervenor can satisfy the claim-or-defense requirement if he seeks to "defen[d]" the "actions" of a defendant in a way that "would raise the same factual and legal issues that" the defendant would "likely raise." *Butte Cnty., Cal. v. Hogen*, No. 8-cv-519 (HHK-AK), 2008 WL 2410407, at *2 (D.D.C. June 16, 2008).  And that is what CRRWU seeks to do: "defend the constitutionality" of the [NLRB's administrative proceeding], a key "subject of the dispute between plaintiff[] and . . . defendant[]." *King v. Christie*, 981 F. Supp. 2d 296, 309 (D.N.J. 2013) (citation omitted), *aff'd*, 767 F.3d 216 (3d Cir. 2014).  CRRWU also has a clear interest in

doing so, given that the proceeding before the NLRB will determine whether the election through which it seeks to represent Plaintiff's employees will be rerun. ECF No. 12 at 2; ECF No. 1 (Compl.) ¶¶ 13, 19. If the NLRB proceeding were enjoined, CRRWU would lose its "ability to obtain a rerun"—at least for some time. ECF No. 12 at 5.

Finally, CRRWU's intervention does not appear to risk any prejudice to the parties. CRRWU emphasizes that it is prepared to comply with "all briefing schedules currently in place," including on the pending preliminary-injunction motion, ECF No. 12 at 3–4, and the Court has no reason to believe that its intervention would complicate proceedings.

Plaintiff presses three arguments in response, but none is persuasive.[1] First, it claims that CRRWU's "interest" in this case is no different from "any other party who may claim protections under the NLRA" such that allowing intervention would mean "[v]irtually all" these parties with "business before the NLRB" could "interject themselves in this case." ECF No. 15 at 17. Not so. To begin, the Court is exercising its discretion, based on several factors, to allow CRRWU to *permissively* intervene under Rule 24(b). Thus, siding with CRRWU has no impact on what it might decide with respect to any other potential intervenor. More importantly, for the reasons explained above, CRRWU is not just "any" party with "business" before the NLRB and an abstract desire to defend the NLRB's authority to conduct administrative proceedings; its interest is far

---

[1] Plaintiff also objects to CRRWU's intervention because CRRWU purportedly lacks Article III standing. But a party seeking to intervene as a *defendant,* and without asserting any counter- or cross-claim—like CRRWU here—is "not invoking the Court's jurisdiction" or "seeking 'relief that is broader than or different from the party invoking the Court's jurisdiction'" and thus "is not required to" show "Article III standing." *Envt. Integrity Project v. Wheeler*, No. 20-cv-1734 (KBJ), 2021 WL 6844257, at *2 (D.D.C. Jan. 27, 2021) (Jackson, J.) (cleaned up) (*quoting Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020) (appellate court "erred by inquiring into [the intervenor's] independent Article III standing")); *see also Child.'s Health Def. v. CDC*, No. 23-cv-431 (TNM), 2024 WL 3521593, at *5 n.3 (D.D.C. July 24, 2024).

more concrete. ECF No. 15 at 17. CRRWU, then, is not just a party seeking to "interject" itself in a district court proceeding with no bearing on any "business" it has "before the NLRB." *Id.*

Second, Plaintiff points to a recent Fifth Circuit decision to vacate its prior order allowing a union to intervene on appeal in a case challenging the removal protections of members of the NLRB and its administrative law judges. ECF No. 15 at 17–18 (citing *Space Exploration Techs. Corp. v. NLRB*, No. 24-50625 (5th Cir.), Dkt. 257). That order, Plaintiff says, shows that "unions are not guaranteed permissive intervention in cases against the NLRB on structural issues." *Id.* at 18. True, but that gets Plaintiff nowhere; the whole point of *permissive* intervention is that it is not "guaranteed" but up to the Court's discretion. And that is why, even putting aside the highly fact-specific reasons behind the Fifth Circuit's decision to vacate its prior order which the Court will not recount here, one court's decision in another case hardly determines whether CRRWU can intervene in this case.

Third, Plaintiff halfheartedly contends that allowing CRRWU "to intervene would inject the contentious merits of the underlying labor dispute" into this case. ECF No. 15 at 18. That is speculation at best. To the contrary, CRRWU says it seeks only to defend the "ability" of the NLRB "to act at all." ECF No. 12 at 6; *see id.* at 7.

For all these reasons, it is hereby **ORDERED** that CRRWU's Motion to Intervene, ECF No. 12, is **GRANTED**, and CRRWU may intervene as a defendant under Rule 24(b). It is further **ORDERED** that, if CRRWU seeks to oppose Plaintiff's motion for a preliminary injunction, it must do so by September 30, 2025.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 27, 2025