UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Hannam Chain USA, Inc.,<br><br>        Plaintiff,<br><br>v.<br><br>The National Labor Relations Board, *et al.*,<br><br>        Defendants. | Case No.: 25-2896 (TJK) |

## CALIFORNIA RESTAURANT AND RETAIL WORKERS UNION'S MOTION TO DISMISS

Intervenor-Defendant California Restaurant and Retail Workers Union

(CRRWU) hereby moves to dismiss the first amended complaint (Dkt. 5).

1343185v2  10302-35002

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   SUMMARY OF ALLEGATIONS AND CLAIMS.............................................. 2

III.  ARGUMENT ...................................................................................................... 4

  A.    The Court Has Already Held That It Lacks Jurisdiction to Issue
        an Injunction and Over Counts I and IV in Their Entirety ................... 4

  B.    Hannam Chain Is Not Entitled to a Declaration That ALJs Are
        Improperly Appointed (Count II)............................................................. 6

        1.    Removal Protections for ALJs Are Constitutional...................... 6

        2.    Unconstitutional Removal Protections Do Not Make the
              ALJs' *Appointments* Invalid ........................................................ 9

        3.    Causal Harm Is an Element of Hannam Chain's Claims,
              and It Fails to Allege Any Such Harm........................................ 11

  C.    Hannam Chain Is Not Entitled to a Declaration That the
        NLRB's Enforcement Scheme Violates Due Process (Count III) ......... 12

IV.   CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

\* *Alpine Securities Corp. v. FINRA*,
121 F.4th 1314 (D.C. Cir. 2024) ............................................................................ 12

*Bhatti v. Federal Housing Finance Agency*,
97 F.4th 556 (8th Cir. 2024) .................................................................................. 11

*Butler Amusements v. DOL*,
No. 24-cv-1042, 2025 U.S. Dist. LEXIS 165814 (D.D.C. Aug. 26,
2025) ........................................................................................................................ 11

*Arizona v. California*,
460 U.S. 605 (1983) ................................................................................................. 5

*Chemical Waste Management v. EPA*,
873 F.2d 1477 (1989) ............................................................................................. 16

*Christianson v. Colt Industries Operating Corp.*,
486 U.S. 800 (1988) ................................................................................................. 5

\* *Collins v. Yellen*,
594 U.S. 220 (2021) ............................................................................................ 9, 11

\* *Cortes v. NLRB*,
No. 23-cv-2954, 2024 U.S. Dist. LEXIS 65196 (D.D.C. Apr. 10, 2024) ................ 11

*Croudson v. Leonard*,
8 U.S. (4 Cranch) 434 (1807) .................................................................................. 6

\* *Decker Coal Co. v. Pehringer*,
8 F.4th 1123 (9th Cir. 2021) .................................................................................... 8

*Free Enterprise Fund v. Public Company Accounting Oversight Board*,
561 U.S. 477 (2010) ................................................................................................. 7

\* *Harris v. Bessent*,
160 F.4th 1235 (D.C. Cir. 2025) ......................................................................... 7, 13

*Hilton-Laughlin v. NLRB*,
148 F.3d 1166 (D.C. Cir. 1998) .............................................................................. 15

*Jarkesy v. SEC,*
   34 F.4th 446 (5th Cir. 2022)....................................................................................... 8

*Jonal Corp. v. District of Columbia,*
   533 F.2d 1192 (D.C. Cir. 1976)................................................................................... 15

*LaShawn A. v. Barry,*
   87 F.3d 1389 (D.C. Cir. 1996) ...................................................................................... 5

*Leachco, Inc. v. Consumer Product Safety Comm'n,*
   103 F.4th 748 (10th Cir. 2024)...................................................................................... 8

*Lucia v. SEC,*
   585 U.S. 237 (2018) ..................................................................................................... 12

*In re Murchison,*
   349 U.S. 133 (1955) ............................................................................................... 13, 14

* *Porter County Chapter of Izaak Walton League v. Nuclear Regulatory
   Commission,*
   606 F.2d 1363 (D.C. Cir. 1979).................................................................................. 15

*Rabadi v. DEA,*
   122 F.4th 371 (9th Cir. 2024)........................................................................................ 8

*Richardson v. Perales,*
   402 U.S. 389 (1971) ..................................................................................................... 15

*Ryder v. United States,*
   515 U.S. 177 (1995) ..................................................................................................... 12

*Seila Law v. CFPB,*
   591 U.S. 197 (2020) ..................................................................................................... 16

*Space Exploration Technologies Corp. v. NLRB,*
   151 F.4th 761 (5th Cir. 2025)................................................................................... 9, 10

*Thunder Basin Coal Co. v. Reich,*
   510 U.S. 200 (1994) ....................................................................................................... 5

*VHS Acquisition Subsidiary No. 7 v. NLRB,*
   759 F. Supp. 3d 88 (D.D.C. 2024) ...................................................................... 6, 10, 11

*Walmart, Inc. v. Chief Administrative Law Judge,*
   144 F.4th 1315 (11th Cir. 2025)................................................................................... 8

*Williams v. Pennsylvania*,
  579 U.S. 1 (2016) .................................................................................................. 14

\* *Withrow v. Larkin*,
  421 U.S. 35 (1975) ......................................................................................... 14, 15

*YAPP USA Automotive Systems v. NLRB*,
  No. 24-1754, 2024 U.S. App. LEXIS 25827 (6th Cir. Oct. 13, 2024) .................... 11

## Statutes

5 U.S.C.
  § 1202 ....................................................................................................................... 7
  § 7521 ....................................................................................................................... 6

29 U.S.C.
  § 101 ......................................................................................................................... 4
  § 160 ......................................................................................................................... 8

## I.    **INTRODUCTION**

Hannam Chain USA joined the flood of constitutional lawsuits against the

National Labor Relations Board (NLRB), hoping to obtain an injunction against a

pending unfair labor practice proceeding involving CRRWU as the party who

brought charges against Hannam Chain. However, this Court has already denied

Hannam Chain's motion for preliminary injunction. In doing so, the Court

recognized that of the four claims raised by Hannam Chain, the Court lacks

jurisdiction over two of them. Therefore, the Court should now dismiss the First

Amended Complaint, Dkt. 5, as to those claims.

Hannam Chain's injunction motion failed as to its other two claims because

the Norris LaGuardia Act stripped the Court of jurisdiction to issue an injunction in

a case arising from a labor dispute. Therefore, the Court has not yet addressed the

merits of Counts II and III of the First Amended Complaint. As shown in this

motion, those counts should be dismissed as well.

First, Hannam Chain argues that Administrative Law Judges (ALJs) of the

NLRB are unconstitutionally insulated from removal, and therefore seeks a

declaration that those ALJs were improperly *appointed*. That claim fails first as to

its premise, because the ALJs are adjudicatory officials whom the Supreme Court

has indicated may receive certain protections from removal. But even if the ALJ

removal protections are unconstitutional, Hannam Chain's particular claim fails

because nothing connects the ALJs' *removability* to their *appointment*, and the

declaration Hannam Chain seeks relates only to the latter. Hannam Chain also

fails to adequately allege harm arising from the appointment of whichever ALJ will be assigned to hear the case.

Second, Hannam Chain argues that because the ALJs, members of the NLRB, and General Counsel of the NLRB are all removable by the President, Hannam Chain's due process rights are violated by the NLRB's unfair labor practice procedure. This claim again fails as to the premise because the ALJs are not removable. And it also fails again as to the conclusion because even if the ALJs are removable, and accepting that the General Counsel and NLRB members are as well, longstanding Supreme Court precedent shows the resulting agency structure does not inherently violate the rights of those accused of unfair labor practices.

The Court should dismiss the First Amended Complaint, and because the flaws identified here are legal, not a matter of factual pleading, no leave to amend is warranted.

## II.    SUMMARY OF ALLEGATIONS AND CLAIMS

Hannam Chain is a grocery store in Los Angeles against whom CRRWU, a labor union that seeks to represent, among others, Hannam Chain's employees, filed charges with the NLRB accusing it of unfair labor practices in violation of the National Labor Relations Act (NLRA). Dkt. 5 ¶¶ 5, 6, 12–15. After years of investigation, an NLRB regional official issued an unfair labor practice complaint against Hannam Chain. Dkt. 5 ¶ 22. A hearing on that complaint is currently set to open on May 12, 2026. Dkt. 28.

Hannam Chain raises four claims in this suit. First, it argues that the then–Acting General Counsel of the NLRB[1]—under whose authority the unfair labor practice complaint at issue in this case was issued—was improperly serving at the time of issuance of the complaint because the appointments provisions of the NLRA and the Federal Vacancies Reform Act were violated. Dkt. 5 ¶¶ 28–49. The facts of this claim will not be described in detail because, as noted below, the Court has already held that it lacks jurisdiction over it.

Hannam Chain's second claim is that NLRB ALJs are not lawfully *appointed* because they are unconstitutionally insulated from removal. Dkt. 5 ¶¶ 50–67. At the time Hannam Chain filed the amended complaint, no ALJ had yet been assigned to hear the case. *See* Dkt. 5 ¶ 57. (CRRWU is also unaware of any ALJ assignment to date.)

Hannam Chain's third claim is that the removability at the whim of the President of the ALJs, NLRB members, and General Counsel results in a lack of due process in unfair labor practice proceedings. Dkt. 5 ¶¶ 68–91. The core of this claim is the conclusory pleading that all of the foregoing NLRB officials are "incentivized to do the President's bidding and it follows that all serve the same interests." Dkt. 5 ¶ 79. Hannam Chain adduces no facts about the specific individuals involved or their particular biases in one direction or another.

---

[1] Senate-confirmed General Counsel Crystal Carey was sworn in on January 7, 2026, thus ending Acting General Counsel Cowen's tenure. *See* https://www.nlrb.gov/news-outreach/news-story/the-nlrb-welcomes-crystal-carey-as-general-counsel (last visited Jan. 11, 2026).

Hannam Chain's fourth claim is that it must have a jury trial if the Board is going to eventually require it to pay damages. Dkt. 5 ¶¶ 92–110. Of course, Hannam Chain does not know what remedial orders will issue against it, and even the unfair labor practice complaint seeks only "'payment for lost hours and/or restoration of leave/vacation taken as a result of the Respondent's unlawful conduct,' and 'all other relief as may be just and proper to remedy the unfair labor practices alleged.'" Dkt. 5 ¶ 101. Hannam Chain speculates that "[b]ased on this language, the Region may pursue consequential damages . . . ." Dkt. 5 ¶ 102.

Hannam Chain seeks declaratory relief as to each of the four claims described above and injunctive relief halting the unfair labor practice procedure. Dkt. 5 at 20. On November 17, 2025, the Court denied Hannam Chain's motion for preliminary injunction. Dkt. 27. The Court's memorandum opinion will be described in more detail below, as relevant to the instant motion.

## III.    ARGUMENT

### A.    The Court Has Already Held That It Lacks Jurisdiction to Issue an Injunction and Over Counts I and IV in Their Entirety

The Court denied Hannam Chain's motion for preliminary injunction because it lacks jurisdiction under the Norris LaGuardia Act (NLGA) to issue an injunction. Dkt. 27. The NLGA strips the courts of jurisdiction "to issue any restraining order or temporary or *permanent injunction*" in cases arising from labor disputes. 29 U.S.C. § 101 (emphasis added). For the same reasons as stated in the Court's order, then, the Court lacks jurisdiction to grant the permanent injunctive relief Hannam

Chain seeks in its complaint. Therefore, the complaint should be dismissed to the extent Hannam Chain still seeks such relief.

In the same order, the Court further held that it lacked jurisdiction over Count I because the issue of the then–Acting General Counsel's appointment must be reviewed first by the NLRB and then, if necessary, by a reviewing court of appeals, via the NLRA's statutory review scheme. While *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), provides a potential exception to the requirement to abide by that review procedure, the Court found that Hannam Chain's claim failed at least the first two *Thunder Basin* factors. Dkt. 27 at 14–15. Hannam Chain has neither sought reconsideration of that holding nor appealed the denial of its motion for preliminary injunction. The decision that the Court lacks jurisdiction over Count I is therefore the law of the case, and the Court should dismiss Count I with prejudice. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)); *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996).

The Court also found that it lacks jurisdiction over the claim in Count IV because, just as with Count I, the NLRA's statutory review scheme is the appropriate mechanism to challenge any remedies ordered by the Board and Hannam Chain cannot circumvent that review because it failed at least the first two *Thunder Basin* factors. Dkt. 27 at 16 & n.7. That holding is also the law of the case, so Count IV should also be dismissed with prejudice.

**B.** **Hannam Chain Is Not Entitled to a Declaration That ALJs Are**
    **Improperly Appointed (Count II)**

Hannam Chain seeks a declaration that "ALJ appointments prior to the
finding of unconstitutionality of 5 U.S.C. § 7521(a) are unconstitutional[.]" Dkt. 5 at
20. This claims fails first because its premise fails—ALJs are not improperly
insulated from removal—and second because even if ALJs are improperly insulated,
that does not mean their *appointment* was invalid.

### 1.    Removal Protections for ALJs Are Constitutional

This Court held in *VHS Acquisition Subsidiary No. 7 v. NLRB*, 759 F. Supp.
3d 88 (D.D.C. 2024), that the removal protections for ALJs are unconstitutional.
That decision was recently appealed, so the D.C. Circuit has not yet decided the
issue. Respectfully, this aspect of *VHS* was wrong and should not be followed here.

Preliminarily, Hannam Chain argued in support of its preliminary injunction
motion that *VHS*'s holding must be given *res judicata* effect. But *res judicata* only
applies between the same parties to the judgment in question. *See Croudson v.
Leonard*, 8 U.S. (4 Cranch) 434, 437 (1807). Hannam Chain was not a party to the
*VHS* litigation. Therefore, whether this Court follows *VHS* is solely a question of
whether the Court believes it was correctly decided.

As implied by the text of the declaration sought by Hannam Chain, the
statutory provision at issue is 5 U.S.C. § 7521, which states that an ALJ may only
be removed for good cause found by the Merit Systems Protection Board (MSPB).
According to Hannam Chain, the purported second "layer" of removal protection

arises from the fact that MSPB members themselves may only be removed for good cause. 5 U.S.C. § 1202(d).

The first problem with the "dual removal protection" concept is that, under D.C. Circuit precedent, there no longer are dual layers of protections. In *Harris v. Bessent*, 160 F.4th 1235 (D.C. Cir. 2025), the D.C. Circuit upheld the president's authority to remove members of the MSPB and the NLRB, and further held that the removal protections afforded these members were unenforceable. Accordingly, at least within the D.C. Circuit, the removal protections for MSPB and NLRB members are unenforceable, thus meaning there are no dual layers of removal protections insulating NLRB ALJs. There is only one layer, and Hannam Chain makes no argument as to how the single layer of removal protection is unconstitutional.

Further, as other courts addressing this issue have noted, *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010), did not decide the question of ALJs' removal protections, and indeed cast doubt on whether removal protections for ALJs would generally be unconstitutional: "[U]nlike members of the [PCAOB], many administrative law judges of course perform adjudicative rather than enforcement or policymaking functions or possess purely recommendatory powers." *Id.* at 507 n.10 (citation omitted). NLRB ALJs perform precisely the type of adjudicative functions with recommendation power the Supreme Court identified in *Free Enterprise Fund*. They preside over hearings, make evidentiary rulings, and draft recommended decisions for the NLRB's review.

Only if no party files exceptions to an ALJ's decision does it become the decision of the NLRB. 29 U.S.C. § 160(c). Otherwise, it remains the NLRB's exclusive authority to find violations of the NLRA and order remedies.

The weight of authority to date is on the side of finding that the NLRB ALJs' removal protections are not unlawful. *Compare Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021),[2] *Leachco, Inc. v. Consumer Product Safety Comm'n*, 103 F.4th 748 (10th Cir. 2024), *and Walmart, Inc. v. Chief Administrative Law Judge*, 144 F.4th 1315 (11th Cir. 2025) (Department of Justice ALJs who "adjudicate civil cases against employers for immigration law violations related to the employment of non-citizens and recordkeeping requirements") *with Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022).

In *Decker Coal*, the Ninth Circuit addressed the removability of Department of Labor ALJs deciding black lung cases, noting that "an ALJ cannot sua sponte initiate investigations or commence a [black lung] case." 8 F.4th at 1133. The same is true for NLRB ALJs. Also important to that court, and also parallel to NLRB ALJs, "[n]o statute mandates that the DOL employ ALJs in adjudicating [black lung] benefits claims." *Id.* Section 10(c) of the NLRA allows but does not require evidence to be presented before an ALJ. 29 U.S.C. § 160(c) ("*In case* the evidence is presented . . . before an examiner . . . .") (emphasis added). The reasoning of *Leachco* and *Walmart* was essentially the same. *Jarkesy* is the outlier, and its reasoning that

---

[2] Following *Decker Coal*, the Ninth Circuit has also found that DEA ALJs are not unconstitutionally insulated from removal. *Rabadi v. DEA*, 122 F.4th 371 (9th Cir. 2024).

SEC ALJs hold policymaking authority is unconvincing; indeed, one member of the panel dissented, reasoning that the SEC's ALJs perform adjudicatory functions, not policymaking authority as the majority had found.

Contrary to Hannam Chain's assumption, removal protections for NLRB ALJs are not unconstitutional. As such, Hannam Chain's claim that NLRB ALJs' appointments were invalid because of those removal protections necessarily fails.

### 2. Unconstitutional Removal Protections Do Not Make the ALJs' *Appointments* Invalid

Even if the removal protections for NLRB ALJs are unconstitutional, that does not mean their *appointments* were unlawful ab initio. The Supreme Court has already foreclosed this line of argument. In *Collins v. Yellen*, 594 U.S. 220 (2021), having found the removal protections at issue unconstitutional, the Court rejected the proposed remedy that the actions of those officers be declared void ab initio because:

> All the officers who headed the FHFA during the time in question were properly *appointed*. Although the statute unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA in relation to the third amendment as void.

*Id.* at 257–58.

In support of its motion for preliminary injunction, Hannam Chain pointed to the Fifth Circuit's decision in *Space Exploration Technologies Corp. v. NLRB*, 151 F.4th 761 (5th Cir. 2025) (*SpaceX*), but the court there, consistent with *Collins*, did not hold that ALJs were unlawfully appointed. Rather, the court held that ALJs

were unconstitutionally *insulated from removal*, 151 F.4th at 774–75, and held, over dissent, that subjecting a party to a hearing in front of such an ALJ constituted an irreparable injury, *id.* at 779–80. Indeed, Judge Wiener in dissent highlighted the difference between an unconstitutional *appointment* and an unconstitutional *removal protection*, and would have held that only in the former case is there irreparable harm from being subjected to a proceeding. *Id.* at 782 (Wiener, J., concurring in part and dissenting in part). The majority did not purport to hold that appointments to unconstitutionally insulated positions are improper appointments; it only found that being subjected to a proceeding in front of an unconstitutionally insulated officer creates the same harm as being subjected to a proceeding in front of an unconstitutionally appointed one. *Id.* at 780. Therefore, Hannam Chain is wrong to point to *SpaceX* as supporting its claim that NLRB ALJs have been unconstitutionally appointed.

The same is true of this Court's second decision in *VHS Acquisition Subsidiary No. 7 v. NLRB*, 759 F. Supp. 3d 88 (D.D.C. 2024), which Hannam Chain also cited in support of its claim. The Court there, just as in *SpaceX*, found that the ALJs are unconstitutionally insulated from removal, not that they were improperly appointed. *Id.* at 92 ("The NLRB's ALJs are unconstitutionally insulated from removal."). Thus, the relief granted by the *VHS* court was declaratory: that the removal restrictions are unconstitutional and thus inoperative. *Id.* at 101. There was no question, as there would be in an appointments case, of the continued ability

of the current group of ALJs to serve in their positions. *VHS* provides no support to Hannam Chain's improper appointment claim.

Hannam Chain has therefore failed to plead facts establishing that the ALJs were unlawfully appointed. Nor are there additional facts that would make Hannam Chain's theory plausible. Therefore, the Court should dismiss Count II without leave to amend.

### 3.  Causal Harm Is an Element of Hannam Chain's Claims, and It Fails to Allege Any Such Harm

Count II also fails because the only harm Hannam Chain alleges from the purportedly improper appointment of ALJs is that it will be subject to a hearing before such an ALJ. This is not causal harm from the allegedly improper appointment, and courts have made clear that causal harm goes not only to the propriety of injunctive relief, but to the merits of the claim as well.

This Court has held in a case about the removability of NLRB members that the harm requirement in *Collins* is an element of a plaintiff's claim. *Cortes v. NLRB*, No. 23-cv-2954, 2024 U.S. Dist. LEXIS 65196, *16 (D.D.C. Apr. 10, 2024), *aff'd on other grounds* 145 F.4th 57 (D.C. Cir. 2025); *see also Butler Amusements v. DOL*, No. 24-cv-1042, 2025 U.S. Dist. LEXIS 165814, *30–31 & n.6 (D.D.C. Aug. 26, 2025). Courts of Appeals in other circuits have held the same. *See Bhatti v. Federal Housing Finance Agency*, 97 F.4th 556, 561 (8th Cir. 2024); *YAPP USA Automotive Systems v. NLRB*, No. 24-1754, 2024 U.S. App. LEXIS 25827, *8 (6th Cir. Oct. 13, 2024).

Moreover, the D.C. Circuit has found, in the preliminary injunction context, that being subjected to a hearing or other proceeding before an improperly *appointed* official—which is what Hannam Chain here claims will happen when the hearing before an ALJ goes forward—is not per se irreparable harm. *Alpine Securities Corp. v. FINRA*, 121 F.4th 1314, 1333–34 (D.C. Cir. 2024). This is consistent with Supreme Court holdings that "the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed' official." *Lucia v. SEC*, 585 U.S. 237, 251 (2018) (quoting *Ryder v. United States*, 515 U.S. 177, 183, 188 (1995)). In *Lucia* and *Ryder*, the specific officials whose appointments were invalid were known; indeed, the parties subject to the proceedings in those cases objected at the administrative hearings themselves that the officials had been improperly appointed. Here, by contrast, Hannam Chain does not claim to know who the ALJ will be at its hearing or what the status of that ALJ's appointment will be.

Even assuming some ALJs were unlawfully appointed for the reasons claimed in the complaint, Hannam Chain cannot plausibly plead that it will be subject to any harm from proceeding before an unknown ALJ who may or may not be appointed on the same basis. This is an independent reason to dismiss Count II.

C.    **Hannam Chain Is Not Entitled to a Declaration That the NLRB's Enforcement Scheme Violates Due Process (Count III)**

With respect to Count III, Hannam Chain seeks the following declaration: "Because the ALJ, NLRB Members and General Counsel are both [sic] now freely

removable by the will of the same entity—the President—the NLRB's enforcement scheme deprives Hannam Chain of due process." Dkt. 5 at 20. As already described above, Hannam Chain is wrong that ALJs are removable. Therefore, here again, the premise of Hannam Chain's claim fails. However, even if Hannam Chain is right that ALJs are removable by the President,[3] its due process claim still fails. The claim lacks any grounding in due process case law and therefore fails to state a claim upon which relief can be granted.

On the injunction motion, Hannam Chain's principal citation in support of its claim was *In re Murchison*, 349 U.S. 133 (1955), a case far afield from this one. There, Michigan law provided for judges to act as "one-man grand juries." A judge charged two individuals for contempt for their conduct and statements during secret one-man grand jury proceedings. The judge then proceeded to act as the trial judge on the contempt charges and convicted each of the charges. The Supreme Court found this procedure violated the due process rights of the convicted individuals: "It would be very strange if our system of law permitted a judge to act as a grand jury and then try the very persons accused as a result of his investigations." *Id.* at 137. In particular, the Court wrote that a judge in such a proceeding

> might himself many times be a very material witness in a later trial
> for contempt. If the charge should be heard before that judge, the
> result would be either that the defendant must be deprived of
> examining or cross-examining him or else there would be the spectacle
> of the trial judge presenting testimony upon which he must finally
> pass in determining the guilt or innocence of the defendant. In either
> event the State would have the benefit of the judge's personal

---

[3] CRRWU acknowledges that this Court is bound by *Harris v. Bessent*, finding that NLRB members' removal restrictions are unconstitutional.

> knowledge while the accused would be denied an effective opportunity
> to cross-examine. The right of a defendant to examine and cross-
> examine witnesses is too essential to a fair trial to have that right
> jeopardized in such way.

*Id.* at 138–39 (footnote omitted). Hannam Chain's attempt to analogize a single person acting as grand jury, witness, and judge to three distinct persons or entities—the General Counsel, the Board, and an ALJ—because those persons may all be removed by a single person—the President—does not hold water. Hannam Chain's reliance on *Williams v. Pennsylvania*, 579 U.S. 1 (2016), is unavailing for the same reason: That case dealt with a state supreme court justice's refusal to recuse from a death penalty appeal even though he had previously been "the district attorney who gave his official approval to seek the death penalty in the prisoner's case." *Id.* at 4. The judge's "direct, personal role in the defendant's prosecution," *id.* at 10, was the important factor for the Court.

Even if the analogy to *Murchison* were sound and the President's (purported) removal power were to be considered the equivalent of a single person performing the roles of General Counsel, ALJ, and Board, the Supreme Court has made clear that

> [t]he contention that the combination of investigative and adjudicative
> functions necessarily creates an unconstitutional risk of bias in
> administrative adjudication has a much more difficult burden of
> persuasion to carry. It must overcome a presumption of honesty and
> integrity in those serving as adjudicators; and it must convince that,
> under a realistic appraisal of psychological tendencies and human
> weakness, conferring investigative and adjudicative powers on the
> same individuals poses such a risk of actual bias or prejudgment that
> the practice must be forbidden if the guarantee of due process is to be
> adequately implemented.

*Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Indeed:

> It is also very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings. This mode of procedure does not violate the Administrative Procedure Act, and it does not violate due process of law.

*Id.* at 56; *see also Richardson v. Perales*, 402 U.S. 389, 410 (1971) (rejecting "advocate-judge-multiple-hat suggestion" under Social Security Act); *Jonal Corp. v. District of Columbia*, 533 F.2d 1192, 1197 (D.C. Cir. 1976) ("[T]he fact that the Board membership was appointed by the Corporation Counsel, and the fact that the Corporation Counsel was also responsible for appointing an individual to prosecute and defend the case on behalf of the District of Columbia before the Board, does not, *per se*, constitute a violation of the due process clause of the Fifth Amendment."). Indeed, the NLRB itself has survived this type of attack in the past, as at least the D.C., Second, and Sixth Circuits have rejected the claim that the Board's authority to seek injunctive relief deprives a respondent of a later neutral decisionmaker. *See Hilton-Laughlin v. NLRB*, 148 F.3d 1166, 1174 (D.C. Cir. 1998).

The D.C. Circuit has identified from the foregoing body of law "a distinction between claims of 'structural' bias, against which there is a strong presumption, and individual bias." *Porter County Chapter of Izaak Walton League v. Nuclear Regulatory Commission*, 606 F.2d 1363, 1371 (D.C. Cir. 1979). Obviously this case presents a structural, not individual, argument: The complaint does not name any particular ALJ and it is far from clear who the Board members would be on review of an eventual ALJ decision considering that at the time of the complaint, just one

seat on the Board was filled (and that member's term expired in less than a year).[4]

Hannam Chain has presented nothing that overcomes the "strong presumption"

against such claims. *Cf. Chemical Waste Management v. EPA*, 873 F.2d 1477, 1484

(1989) ("[W]e find no basis for petitioners' broad facial challenge [to the EPA's

structure], which by its nature deprives us of the particularized information

necessary to evaluate a claim of probable bias.").

The combination of functions in an administrative agency is not an inherent

due process problem, so *a fortiori*, the fact that various agency officials are all

answerable to the President could not present a due process problem. Indeed,

Hannam Chain's theory is fundamentally at odds with the theory underlying the

Supreme Court's holdings that limitations on a President's power to remove

administrative agency heads are unconstitutional. If the Board members and ALJs

are removable at the will of the President, that will be because they exercise

executive power, and that power "belongs to the President alone." *Seila Law v.

CFPB*, 591 U.S. 197, 213 (2020). In other words, if all of the NLRB's officers are

removable, that is because they do not actually have, from a constitutional

perspective, separate powers at all, and the question of combination of functions

will be an illusion. It is executive power all the way down.

Count III does not present a cognizable legal theory. No amendment can fix

that flaw. The Court should dismiss Count III with prejudice.

---

[4] Two further seats have since been filled, but two remain vacant, and the August
expiration of Member Prouty's term is now just over seven months away.

## IV.    **CONCLUSION**

For all the foregoing reasons, Intervenor-Defendant CRRWU respectfully

requests that the Court dismiss the First Amended Complaint with prejudice.

Dated: January 12, 2026

*s/ Jason Wojciechowski*

Julie Gutman Dickinson
jgutmandickinson@bushgottlieb.com
Jason Wojciechowski
jasonw@bushgottlieb.com
Hector De Haro
hdeharo@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
(818) 973-3200

Maneesh Sharma
AFL-CIO
815 Black Lives Matter Plaza NW
Washington, D.C. 20006
(202) 637-5336

*Attorneys for Intervenor-Defendant
California Restaurant and Retail
Workers Union*
