UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Hannam Chain USA, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>The National Labor Relations Board, *et al.*,<br><br>    Defendants. | Case No.: 25-2896 (TJK) |

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS**

Intervenor-Defendant moves to dismiss the First Amended Complaint filed by Plaintiff Hannam Chain USA, Inc. and various Defendants associated with the National Labor Relations Board (NLRB). The motion shall be granted in its entirety, without leave to amend.

Count I seeks declaratory and injunctive relief related to a claim that the NLRB's Acting General Counsel was improperly serving in that role at the time that the administrative complaint underlying this litigation issued against Hannam Chain. This Court has already found that it lacks jurisdiction over that claim because it must be raised through the statutory review scheme of the National Labor Relations Act. *See* Dkt. 27. Therefore, Count I will be dismissed with prejudice.

Count II seeks declaratory and injunctive relief premised on a claim that NLRB administrative law judges (ALJs) were improperly appointed, because they were appointed subject to improper removal protections. The Court lacks

jurisdiction to issue permanent injunctive relief in this case for the reasons already stated in denying Hannam Chain's request for a preliminary injunction. *See* Dkt. 27. The declaratory relief claim remains, but fails. Hannam Chain's claim is premised on so-called "dual removal protections," but in *Harris v. Bessent*, 160 F.4th 1235 (D.C. Cir. 2025), the D.C. Circuit held that statutory protections for the NLRB and Merit Systems Protection Board members are unconstitutional and were therefore severed from their respective statutes. As such, under the law of this Circuit, no dual protection remains. In any event, the Supreme Court has made clear that *removability* and *appointment* issues are different. *Collins v. Yellen*, 594 U.S. 220 (2021). Any constitutional problems with ALJs' removability does not mean they were unlawfully appointed or are currently unlawfully serving. Therefore, Count II will be dismissed with prejudice.

Count III seeks declaratory and injunctive relief premised on a claim that the NLRB's unfair labor practice procedures violate Hannam Chain's due process rights because the ALJs, NLRB members, and General Counsel are all freely removable by the President. Here again the Court lacks jurisdiction to issue injunctive relief. *See* Dkt. 27. As to the request for declaratory relief, the claim fails first because, as noted above, ALJs' removal protections are not unconstitutional. Even if ALJs were removable by the President, the NLRB officials' removability is not analogous to all NLRB functions being performed by the same person, and in any event it has long been understood that administrative procedures can combine investigative and adjudicative procedures without violating the due process rights of parties subject to

those procedures. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Therefore, Count III will be dismissed with prejudice.

Finally, Count IV seeks injunctive and declaratory relief related to a purported Seventh Amendment violation that may or may not arise from the pending administrative hearing. The Court lacks jurisdiction over this claim for the same reason as Count I. *See* Dkt. 27. Therefore, Count IV will be dismissed with prejudice.

For the foregoing reasons, the First Amended Complaint is dismissed without leave to amend. IT IS SO ORDERED.

DATED: _____

                                                  Hon. Timothy J. Kelly
                                                  United States District Judge